[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 7, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-13450
Non-Argument Calendar

_____

D. C. Docket No. 04-01513-CV-ORL-22-JGG

LARRY B. TAGUE,
d.b.a. Orlando Sanford Aircraft Sales, Inc.,

Plaintiff-Appellant,

versus

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,
a subdivision of the State of Florida,
TONYA GIER, Officer, individually
and as agent and employee of the Florida
Fish and Wildlife Conservation Commission,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 7, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Larry B. Tague, doing business as Orlando Sanford Aircraft Sales, Inc., appeals the district court's dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983, against Tonya Gier, an officer with the Florida Fish and Wildlife Conservation Commission ("FFWCC").[1] After thorough review, we affirm.

In his complaint, Tague, who was piloting an amphibian seaplane for commercial purposes during the relevant time period, asserted violations of his rights under the Fourth and Fourteenth Amendments based on Gier's enforcement of the Florida Manatee Sanctuary Act ("FMSA"), § 370.12(2) Fla. Stat. (2005). On appeal, Tague argues the district court erred by dismissing his complaint, after finding that Gier was entitled to qualified immunity from suit because the law in Florida was not clearly established on the issue of whether Tague's seaplane was a "vessel," within the meaning of the FMSA. The district court determined that the definition of

---

[1]Tague also sued the FFWCC for constitutional violations. The district court held that the FFWCC enjoyed Eleventh Amendment protection against suits brought in federal court. The court found that the FFWCC had not waived its Eleventh Amendment immunity and thus dismissed Tague's complaint as to that entity. The district court also declined to exercise supplemental jurisdiction over Tague's negligence claims against Gier and the FFWCC. In this appeal, Tague challenges only the district court's decision on Tague's § 1983 action against Gier. Accordingly, he has abandoned any challenge to the dismissal of the complaint as to FFWCC on Eleventh Amendment grounds, as well as the district court's decision not to exercise supplemental jurisdiction over his other claims.

"vessel" as it existed at the time of Tague's non-criminal citation was not clearly established and, thus, Gier's issuance of the citation, which occurred within the scope of her discretionary authority as an FFWCC officer, did not amount to a violation of clearly established constitutional rights.

The defense of qualified immunity may be raised and addressed on a motion to dismiss and will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001) (quoting Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)). "We review de novo a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003).

Qualified immunity protects government officials performing discretionary functions from liability if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002) (citation omitted). The burden rests on the plaintiff to show that qualified immunity is not appropriate. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

3

In its thorough Order, the district court analyzed the legislative history and enactment of the FMSA; analogous provisions of the Florida Vessel Safety Law ("FVSL"), Fla. Stat. § 327.02; the accompanying Florida Administrative Code sections relevant to the FMSA and FVSL; and the Florida Constitution. The district court concluded that these sources did not provide a definition of vessel sufficient to exempt Tague's seaplane. Applying our decisions in Dalrymple and Storck v. City of Coral Springs, 354 F.3d 1307, 1313-14 (11th Cir. 2003), the court concluded that Gier was entitled to qualified immunity from suit. Based on our thorough review, we agree and affirm based on the well-reasoned opinion of the district court.

**AFFIRMED**.